UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Thomas P. Cossette

    v.                                  Civil No. 08-cv-21-JL[1]

State of New Hampshire[2]

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 2254, petitioner Thomas P. Cossette has filed an amended petition for a writ of habeas corpus, challenging his New Hampshire state court conviction and confinement (document no. 7).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire

---

[1]By order of April 2, 2008, civil case numbers 08-cv-21-JL and 08-cv-22-JL were consolidated and 08-cv-21-JL was designated as the main case.

[2]As petitioner is in custody at the Northern New Hampshire Correctional Facility ("NCF"), I construe the respondent to be the Warden of the NCF.  See Habeas Rule 2 (where petitioner is in custody pursuant to a state judgment, the state officer having custody of the petitioner shall be named as respondent).

1

Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

For the reasons stated below, I conclude that Cossette's claims pertaining to his conviction (Grounds One, Two and Three) are time-barred and, therefore, recommend that they be dismissed. I further conclude that his remaining claims are either noncognizable or unexhausted for purposes of federal habeas review and, therefore, recommend that they be dismissed (Grounds Four, Five and Six).

## Background

Convicted in 2002 by the New Hampshire Superior Court (Carroll County) of two counts of aggravated felonious sexual assault, Cossette was sentenced to a term of imprisonment of "no more than seven and no less than three and one-half years." See State v. Cossette, No. 2007-0476, slip op. at 1 (N.H. March 20, 2008). "The sentencing court recommended to the department of corrections that [Cossette] enter the sexual offender program (SOP) 'if deemed appropriate.'" Id. He is currently incarcerated at the NCF.

Cossette filed a direct appeal of his conviction with the

New Hampshire Supreme Court ("NHSC")[3] in which he raised the following claims:

> (1) the trial court erred in granting the state's motion to join for trial six counts of aggravated felonious sexual assault and one count of felonious sexual assault[4];
>
> (2) the state presented insufficient evidence to prove that Cossette was in a position of authority over the victim;
>
> (3) the state presented insufficient evidence to prove that Cossette used authority over the victim to coerce her to submit;
>
> (4) the trial court erred when, without a hearing, it denied Cossette's motion for a new trial based upon newly discovered exculpatory evidence; and
>
> (5) the trial court erred in not holding a hearing on Cossette's motion for new trial.

See State v. Cossette, 151 N.H. 355, 356, 856 A.2d 732, 734 (2004). The NHSC affirmed his conviction on August 31, 2004. See id. 151 N.H. at 363, 856 A.2d at 739.

In May 2007, after serving more than four years of his sentence, Cossette petitioned the superior court to suspend the

---

[3]Cossette allegedly is unable to provide this court with a copy of the appeal and, for purposes of demonstrating exhaustion of his related federal claims, relies solely on the NHSC decision.

[4]The counts allegedly pertained to assaults committed by Cossette during June 2, 2000 and October 10, 2000.

3

remaining portion of his sentence pursuant to New Hampshire Rev. Stat. Ann. ("RSA") 651:20 (2007). See State v. Cossette, No. 2007-0476, slip op. at 1. On June 1, 2007, the superior court denied his petition without a hearing on the ground that he had failed to complete the SOP. Cossette filed a motion for reconsideration, alleging that the court erred by conditioning his sentence suspension on his participation in the SOP. He further alleged that his belief that he did not coerce the victim prevented his admission into the SOP. His motion was denied on June 19, 2007.

Subsequently, Cossette filed an appeal with the NHSC in which he raised the following claims:

> (1) the superior court abused its discretion by relying on the non-performance of an impossible condition to deny a hearing on sentence suspension; and
>
> (2) the superior court abused its discretion and violated Cossette's right to due process by denying a hearing on sentence suspension on the basis of his non-completion of the SOP, because the order retroactively altered the sentence clearly communicated at sentencing.[5]

On March 20, 2008, the NHSC affirmed the superior court's

---

[5]Cossette alleged that the superior court's order retroactively and impermissibly changed his sentence of three and one-half years to seven years, which was clearly communicated at the time of sentencing, to a straight seven years without the possibility of parole.

order denying Cossette's petition to suspend his sentence.  The NHSC held that:

> (1) the superior court's decision to deny Cossette's petition to suspend his sentence on the ground that he had not yet completed the SOP did not augment his original sentence and, therefore, did not violate due process (citing State v. LeCouffe, 152 N.H. 148, 152–53, 872 A.2d 773, 778 (2005)(holding that a defendant has no right to a suspension of any remaining portion of his sentence);
>
> (2) the superior court did not err when it conditioned Cossette's early release upon completion of a program that still exists (citing LeCouffe, 152 N.H. at 152–53, 872 A.2d at 778); and
>
> (3) the superior court did not unsustainably exercise its discretion by denying Cossette's request for a hearing on sentence suspension; the NHSC reasoned that there is no statutory right to a hearing and that Cossette had no constitutional right to a hearing because procedural due process is not applicable to sentence suspension hearings (citing State v. Duquette, 153 N.H. 315, 317, 893 A.2d 709, 711–12 (2006)).

See State v. Cossette, No. 2007–0476, slip op. at 1–3.

Cossette also filed an application for parole with the New Hampshire Adult Parole Board ("Parole Board").  A hearing was held on September 20, 2007 and allegedly was terminated prematurely based on the Parole Board's assertion that Cossette was ineligible for parole due to his non-participation in the SOP.  Cossette filed a motion for reconsideration on October 11, 2007, alleging that the Parole Board erred by requiring him to

complete the SOP.  His motion was denied.  Cossette concedes that he has not sought further appellate.  He reasons that any appeal to the superior court would be futile because that court denied his petition for sentence suspension on identical grounds.  He adds that he is financially unable to pursue an appeal.

He now brings the instant petition, which I liberally construe to allege the following grounds for federal habeas corpus relief:

    (1) Cossette's conviction was obtained by the prosecution's failure to disclose evidence favorable to the defendant, in violation of his Fourteenth Amendment right to due process (Ground One);

    (2) the trial court erred by failing to sever the charges, in violation of Cossette's Fourteenth Amendment right to due process and his right to a fair trial (Ground Two);

    (3) insufficient evidence to support the jury's conclusion that Cossette had authority over the victim and coerced her to submit (Ground Three);

    (4) the trial court's denial of a hearing on sentence suspension, based on Cossette's non-participation in the SOP, violated his Fourteenth Amendment right to due process (Ground Four);

    (5) the Parole Board's refusal to conduct a full hearing on Cossette's parole application violated his Fourteenth Amendment rights to due process and equal protection (Ground Five); and

    (6) the Parole Board's denial of parole based on Cossette's non-participation in the SOP violated his

Fourteenth Amendment right to equal protection (Ground Six).

On April 2, 2008, I ordered Cossette to amend his petition to demonstrate exhaustion of state remedies with regard to each claim raised in his federal petition. I further ordered him to demonstrate that each claim was timely filed. Because his subsequent submission to this court (document no. 5) was nonresponsive, he was ordered to further amend his petition to demonstrate exhaustion of state remedies and the timeliness of his claims. This amended petition follows.

## Discussion

I. <u>Claims Barred by the Statute of Limitations</u>

Grounds One, Two and Three of the petition are barred from consideration due to Cossette's failure to file within the one-year statutory limitations period.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, requires that prisoners file applications for writs of habeas corpus within one year from the date on which the challenged judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). This limitations period begins to accrue from the date of the final disposition of any direct appeal to the state court of last resort and the conclusion of certiorari

review by the United States Supreme Court, or the running of the ninety-day period in which to seek such review. See id. See also Donovan v. Maine, 276 F.3d 87, 91 (1st Cir. 2002).

"Statutory exceptions exist where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim." David v. Hall, 318 F.3d 343 (1st Cir. 2003)(citing Section 2244(d)(1)(B)-(D)). The limitations period may be tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review in state court, and may be equitably tolled in appropriate circumstances. 28 U.S.C. § 2244(d)(2). See also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004) (holding "the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases."). The party seeking to invoke equitable tolling bears the burden of establishing the basis of it. See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). In the AEDPA context, equitable tolling is the exception rather than the rule and is deemed justified only in extraordinary circumstances. Id.

Here, Cossette challenges a conviction and/or sentence that

became final in August 2004.  Absent tolling, he had through November 2005 to file a federal habeas corpus petition.  He filed the instant federal petition on January 17, 2008, more than two years after the AEDPA grace period had expired.  Grounds One, Two and Three, therefore, are time-barred unless Cossette can demonstrate that an application for state post-conviction relief or other collateral review tolled the limitations period, or that he falls within a statutory exception to the one-year limitations period.

    There is no indication that Cossette filed any application for state post-conviction relief or other collateral review from August 2004 through 2006.  Although he filed additional state court appeals beginning in May 2007, they were not filed during the AEDPA limitations period therefore their pendency is not relevant to the tolling provisions.  Cossette has not alleged any exception to the one-year limitations period.  For the foregoing reasons, I conclude that Grounds One, Two and Three are time-barred and, therefore, recommend that they be dismissed.

II. <u>Noncognizable Claims</u>

   A. <u>Fourteenth Amendment Due Process Claims</u>

      1. Denial of a Full Hearing on Cossette's Parole Application

Cossette alleges that the Parole Board violated his Fourteenth Amendment right to due process by refusing to conduct a full hearing on his parole application (Ground Five).

Procedural due process requirements apply only to the deprivation of interests in liberty and property. <u>See</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972). There is no constitutional right, or liberty interest, of a convicted person to be conditionally released, on parole or otherwise, before the expiration of a valid sentence. <u>See</u> <u>Greenholtz v. Inmates of Neb. Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979). A right to parole under the Fourteenth Amendment Due Process Clause exists only if such right is created by state law. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 483–84 (1995); <u>Hamm v. Latessa</u>, 72 F.3d 947, 954–55 (1st Cir. 1995); <u>Booker v. Warden</u>, No. 98-466-JD, 1999 WL 813893, at *2 (D.N.H. June 22, 1999).

Because New Hampshire provides an opportunity for parole to its prisoners as a privilege, not a right, <u>see</u> <u>Knowles v. Warden</u>, 140 N.H. 387, 389, 666 A.2d 972, 974–75 (1995), it has not

created a liberty interest in the opportunity for parole, see Reid v. Stanley, Civ. No. 04-cv-369-JD, 2006 WL 1875355, *4 (D.N.H. July 6, 2005).  The New Hampshire Supreme Court has repeatedly held that the Parole Board has broad discretion in its parole decisions and that the Board is not mandated to grant parole to an inmate, even where he meets certain conditions or criteria.  See Knowles, 140 N.H. at 389, 666 A.2d at 974-75; Cable v. Warden, 140 N.H. 395, 398, 666 A.2d 967, 969 (1995). Accordingly, Cossette has no right to parole under federal or New Hampshire law.

With regard to procedural protections, however, the State of New Hampshire has created a liberty interest in certain procedures regarding an inmate's consideration for parole.  See Horstkotte v. Warden, Civil No. 08-cv-138-JL, 2008 WL 2329325, slip op. at *4 (D.N.H. June 5, 2008).  With regard to a parole hearing, the New Hampshire Code of Administrative Rules provides:

> All inmates *shall* receive a parole hearing within the 60-day period prior to their minimum parole date.  If parole is denied at the initial hearing, the board shall advise the inmate, in writing via a copy of the minutes of the hearing, what the inmate shall be required to do to be granted another hearing.

N.H. Code Admin. R. Par 203.02 (emphasis added).  The New

11

Hampshire Code of Administrative Rules further provides:

> Members of the hearing panel *shall* commence the hearing by questioning the inmate regarding information in the inmate's prison record.  The inmate *shall* then have the opportunity to respond to these questions, and to make a statement to the board.

N.H. Code Admin. R. Par 203.06 (emphasis added).  The mandatory language in the regulations creates a liberty interest only in those parole procedures; it does not create a liberty interest in actually being granted parole.  See Horstkotte v. Warden, Civil No. 08-cv-138-JL, 2008 WL 2329325, slip op. at *4 (D.N.H. June 5, 2008)(citing Greenholtz, 442 U.S. at 7; Sandin, 515 U.S. at 483-84).

Where, as here, a state prisoner challenges the constitutionality of parole procedures, rather than requesting immediate or speedier release, Section 1983 provides an available remedy.  See Wilkinson v. Dotson, 544 U.S. 74, 82-83 (2005) (clarifying that Section 1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner).  See also Redd v. Kirkland, No. C 06-07566 JF (PR), 2008 WL 2705577, at *2 (N.D. Cal. July 10, 2008)("Where an inmate challenges the constitutional validity of the state procedures

used to deny parole eligibility or parole suitability, but seeks injunctive relief in the form of an earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under § 1983")(citing Wilkinson, 544 U.S. at 82).

Here, Cossette's due process claim does not directly request immediate or speedier release from prison. Instead, he challenges the denial of a full parole hearing. To the extent he seeks a new parole hearing, he requests relief that will render invalid the procedures used to deny his parole eligibility. See Wilkinson, 544 U.S. at 82-83. Any favorable result with regard to his due process challenge does not mean an immediate release from confinement or a shorter stay in prison. At most, it means a new parole hearing during which parole authorities may, in their discretion, decline to shorten his prison term. Because Cossette's due process claim will not necessarily result in speedier release and will not necessarily imply the invalidity of his conviction or sentence, I conclude that his claim may not be bought in a habeas action. For the foregoing reasons, I recommend that Cossette's due process claim arising from the denial of a full hearing regarding his parole application be dismissed (Ground Five).

> 2. Denial of a Hearing on Sentence
>    Suspension on the Basis of Cossette's
>    Non-participation in the SOP

Cossette alleges that the trial court violated his Fourteenth Amendment right to due process by denying him a hearing on his petition for sentence suspension based on his non-participation in the SOP (Ground Four). He appears to allege that the denial of the hearing on sentence suspension resulted in the denial of an opportunity for early release.

As explained above, an inmate has no constitutional right or liberty interest to be conditionally released, on parole or otherwise, before the expiration of a valid sentence. See Greenholtz, 442 U.S. at 7. A right to parole under the Fourteenth Amendment Due Process Clause exists only if such right is created by state law. See Sandin, 515 U.S. at 483-84. Under New Hampshire law, an inmate has no right to parole, see Knowles, 140 N.H. at 389, 666 A.2d at 974-75, and no right to the suspension of any remaining portion of his sentence, see LeCouffe, 152 N.H. at 152, 872 A.2d 773. See also State v. Cossette, No. 2007-0476, slip op. at 1-3. Furthermore, under New Hampshire law, an inmate has no right to a hearing on sentence suspension. See Duquette, 153 N.H. at 317, 893 A.2d at 711-12;

State v. Roy, 138 N.H. 97, 635 A.2d 486 (1993) (affirming trial court's decision to deny defendant's petition for sentence suspension without a hearing and noting that nothing in RSA 651:20, pertinent superior court rules or prior case law mandates such a hearing).

>   RSA(I) provides, in relevant part:
>
>   Notwithstanding any other provisions of law, except as provided in subparagraphs (a), (b), and (c), the sentence to imprisonment of any person *may* be suspended by the sentencing court at the time of imposition of the sentence or at any time thereafter in response to a petition to suspend sentence . . .

N.H. Rev. Stat. Ann. § 651:20(I) (West 2007 & Supp. 2008) (emphasis added).  In addition, RSA 651:20(I)(a) provides:

>   Any person sentenced to state prison for a minimum term of six years or more shall not bring a petition to suspend sentence until such person has served at least 4 years or 2/3 of his minimum sentence, whichever is greater, and not more frequently than every 3 years thereafter.

N.H. Rev. Stat. Ann. § 651:20(I)(a) (West 2007 & Supp. 2008). The statute further provides that "[a]s a condition of any suspension of sentence, the court may include restitution to the victim . . .; performance of uncompensated public service . . .; and such other conditions as the court may determine." N.H. Rev. Stat. Ann. § 651:20(III) (West 2007 & Supp. 2008).  The New

Hampshire Supreme Court has held that "[i]n light of the discretionary character of RSA 651:20 . . ., under the fourteenth amendment, procedural due process is not applicable to sentence suspension proceedings." See Duquette, 153 N.H. at 317, 893 A.2d at 711-12.

Here, Cossette has not identified, under federal or New Hampshire law, any right to the suspension of his sentence or any right to a hearing on sentence suspension. I therefore conclude that he has failed to alleged a cognizable due process claim for purposes of federal habeas review. Accordingly, I recommend that his due process claim alleging denial of a hearing on his petition for sentence suspension be dismissed (Ground Four).

    3.    Denial of Parole Based on Cossette's Non-participation in the SOP

Cossette alleges that the Parole Board violated his Fourteenth Amendment right to equal protection by denying him parole based on his non-participation in the SOP (Ground Six) and by refusing to conduct a full hearing on his parole application (Ground Five). By order of April 2, 2008 and October 22, 2008, Cossette was ordered to demonstrate exhaustion of his claims. He has failed to provide any pleadings, notices of appeal, briefs,

or other state court documents indicating that he presented his claims, including the federal nature of his claims, to the NHSC for review.  Accordingly, he has failed to allege sufficient facts to demonstrate exhaustion of his federal claims.  For the foregoing reasons, I recommend dismissal of his equal protection claims (Grounds Five and Six).

## Conclusion

For the reasons stated above, I conclude that Cossette's claims pertaining to his conviction (Grounds One, Two and Three) are time-barred and, therefore, recommend that they be dismissed. I further conclude that his remaining claims are either noncognizable or unexhausted for purposes of federal habeas review and, therefore, recommend that they be dismissed (Grounds Four, Five and Six).

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the petition.

Any further objection to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete 792 F.2d 4, 6 (1st Cir. 1986).

                                           _/s/ James R. Muirhead_
                                           James R. Muirhead
                                           United States Magistrate Judge

Date: February 17, 2009

cc:   Jean Vanim-Botting, Esquire